UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-2821-WHITE

UNITED STATES OF AMERICA,
        Plaintiff,

v.

TRAIAN BUJDUVEANU,
        Defendant.
_____

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on June 26, 2008, a hearing was held to

determine whether defendant TRAIAN BUJDUVEANU should be detained prior to trial.

Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that

no condition or combination of conditions will reasonably assure the appearance of this

defendant as required. Therefore, it is hereby ordered that the defendant TRAIAN

BUJDUVEANU be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(I), the Court hereby

makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by Criminal Complaint in the Southern District of

Florida with conspiracy (1) to export from the United States defense articles for which a

license is required without first obtaining the required license or written approval from

the Department of State, in violation of Title 22, U.S.C. § 2778, and Title 22, C.F.R. §§

121.1, 123.1, and 127.1, and (2) to export and cause to be exported U.S. made goods

from the United States to the Islamic Republic of Iran without having first obtained the

required authorizations from the office of Foreign Assets Control, in violation of Title 50

U.S.C. §§ 1702 and 1705(b), and Title 31 C.F.R. § 560; all in violation of Title 18 U.S.C. 371.  Title 18, United States Code, Section 3142(e) and (f).

2.  The weight of the evidence against the defendant is substantial. The government has proffered that from August 2006, to the present, the defendant conspired with the co-defendant to export military parts to Iran. The defendant caused the shipment of helicopter and F14 fighter jet parts to Iran.  The defendant knew that the sale of military parts to Iran is forbidden by United States law.

3.  The pertinent history and characteristics of the defendant support pretrial detention.  The defendant was born on December 11, 1954, in Romania. The defendant is a naturalized United States citizen.  While the defendant's mother and child reside in Florida, the defendant's girlfriend is a Romanian citizen, with no permanent status in the United States.  The defendant has traveled extensively throughout the world for business and pleasure.  The defendant's aviation business is conducted throughout the world and could be continued by the defendant from outside the United States.  The defendant's extensive international business ties would make it relatively easy for him to leave the United States and establish his aviation business in another country.  The defendant also has a pilot's licence, which would allow him to leave the United States very easily. The defendant has traveled to Romania twice in the last six months, his girlfriend is Romanian and he is attempting to recover property his mother once owned in Romania.  Title 18, United States Code, Section 3142(g)(3)(A).

4.  Because of the seriousness of his offense and the defendant's substantial ties to Romania, the undersigned believes that the defendant would not appear if released on bond.

5.  The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.  Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that this defendant presents a risk of flight.

The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this 26th day of June, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pretrial Services